# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal Home Loan Mortgage Corporation** | **CIVIL ACTION NO:** |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>**316 Harris Hill Road, Poland, ME 04274** |
| **Deborah Jewett** | Mortgage:<br>**September 16, 2021**<br>**Book 11015, Page 221**<br>**Androscoggin County Registry of Deeds** |
| Defendant | |
| **CACH LLC** | |
| Party-In-Interest | |

NOW COMES the Plaintiff, Federal Home Loan Mortgage Corporation, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Deborah Jewett, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal Home Loan Mortgage Corporation, in which the Defendant, Deborah Jewett, is the obligor

and the total amount owed under the terms of the Note is One Hundred Thirty-Eight Thousand Three Hundred Two and 15/100 ($138,302.15) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. **Additionally,** this Court also has jurisdiction under the so-called "sue and be sued" clause of the charter of the Federal Home Loan Mortgage Corporation charter.

4. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

5. Federal Home Loan Mortgage Corporation is a federally chartered corporation with its principal place of business located at 8200 Jones Branch Drive, McLean, VA 22102.

6. The Defendant, Deborah Jewett, is a resident of Poland, County of Androscoggin and State of Maine.

7. The di minimis Party-in-Interest, CACH LLC, is a limited liability company, which, upon information and belief, has not perfected their lien under Maine Law, has a sole member of Resurgent Capital Services, L.P. with an address of 293 Greystone Blvd., Suite 400, Columbia, S.C.29250 and the managing partners of Resurgent Capital Services, L.P. are residents of South Carolina.

## FACTS

8. On September 19, 2005, by virtue of a Warranty Deed from Charles C. Hotham, III, which is recorded in the Androscoggin County Registry of Deeds in **Book 6501, Page 128**, the property situated at 316 Harris Hill Road, City/Town of Poland, County of Androscoggin, and State of Maine, was conveyed to Frank Jewett and Deborah Jewett, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On September 16, 2021, Defendant, Deborah Jewett, executed and delivered to Nationstar Mortgage LLC D/B/A Mr. Cooper a certain Note under seal in the amount of $134,900.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on September 16, 2021, Defendant, Deborah Jewett, executed a Mortgage Deed in favor of Nationstar Mortgage LLC D/B/A Mr. Cooper, securing the property located at 316 Harris Hill Road, Poland, ME 04274 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 11015**, **Page 221**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated December 23, 2022, and recorded in the Androscoggin County Registry of Deeds in **Book 11285**, **Page 169**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Select Portfolio Servicing, Inc by virtue of an Assignment of Mortgage dated March 18, 2025, and recorded in the Androscoggin County

Registry of Deeds in **Book 11803**, **Page 180**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Select Portfolio Servicing, Inc. by virtue of an Assignment of Mortgage dated April 4, 2025, and recorded in the Androscoggin County Registry of Deeds in **Book 11804**, **Page 191**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation by virtue of an Assignment of Mortgage dated October 9, 2025, and recorded in the Androscoggin County Registry of Deeds in **Book 11944**, **Page 74**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On May 28, 2025, the Defendant, Deborah Jewett, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the signed USPS Tracking (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendant, Deborah Jewett, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

17. The Defendant, Deborah Jewett, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, Federal Home Loan Mortgage Corporation, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, Federal Home Loan Mortgage Corporation, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, Federal Home Loan Mortgage Corporation, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. CACH LLC is a di minimis Party-in-Interest pursuant to a Writ of Execution in the amount of $1,147.08 dated October 2, 2018, and recorded in the Androscoggin County Registry of Deeds in **Book 10181**, **Page 97,** however, upon information and belief, did not comply with the notice requirements under Maine law and is not in 2nd position behind Plaintiff's Mortgage.

22. The total debt owed under the Note and Mortgage as of November 6, 2025, is One Hundred Thirty-Eight Thousand Three Hundred Two and 15/100 ($138,302.15) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $127,857.85 |
| Interest | $6,136.58 |
| Escrow Deficiency | $2,313.00 |
| Unpaid Late Charges | $134.72 |
| Loan Level Advance Balance | $1,860.00 |
| Grand Total | $138,302.15 |

23. Upon information and belief, the Defendant, Deborah Jewett, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, Federal Home Loan Mortgage Corporation, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 316 Harris Hill Road, Poland, County of Androscoggin, and State of Maine. *See* Exhibit A.

26. The Plaintiff, Federal Home Loan Mortgage Corporation, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal Home Loan Mortgage Corporation, has the right to foreclosure and sale upon the subject property.

27. The Plaintiff, Federal Home Loan Mortgage Corporation, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Deborah Jewett, is presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2024, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of November 6, 2025, is One Hundred Thirty-Eight Thousand Three Hundred Two and 15/100 ($138,302.15) Dollars.

30. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant, Deborah Jewett's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Deborah Jewett, on May 28, 2025, evidenced by the USPS Tracking. *See* Exhibit H.

33. The Defendant, Deborah Jewett, is not in the Military as evidenced by the attached Exhibit I.

34. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, Federal Home Loan Mortgage Corporation, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On September 16, 2021, the Defendant, Deborah Jewett, executed under seal and delivered to Nationstar Mortgage LLC D/B/A Mr. Cooper a certain Note in the amount of $134,900.00.  *See* Exhibit B.

37. The Defendant, Deborah Jewett, is in default for failure to properly tender the November 1, 2024, payment and all subsequent payments.  *See* Exhibit H.

38. The Plaintiff, Federal Home Loan Mortgage Corporation, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Deborah Jewett.

39. The Defendant, Deborah Jewett, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

40. The Defendant, Deborah Jewett's, breach is knowing, willful, and continuing.

41. The Defendant, Deborah Jewett's, breach has caused Plaintiff, Federal Home Loan Mortgage Corporation, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of November 6, 2025, if no payments are made, is One Hundred Thirty-Eight Thousand Three Hundred Two and 15/100 ($138,302.15) Dollars.

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

44. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, Federal Home Loan Mortgage Corporation, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. By executing, under seal, and delivering the Note, the Defendant, Deborah Jewett, entered into a written contract with Nationstar Mortgage LLC D/B/A Mr. Cooper who agreed to loan the amount of $134,900.00 to the Defendant. *See* Exhibit B.

47. As part of this contract and transaction, the Defendant, Deborah Jewett, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

48. The Plaintiff, Federal Home Loan Mortgage Corporation, is the proper holder of the Note and successor-in-interest to Nationstar Mortgage LLC D/B/A Mr. Cooper, and has performed its obligations under the Note and Mortgage.

49. The Defendant, Deborah Jewett, breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2024, payment and all subsequent payments. *See* Exhibit H.

50. The Plaintiff, Federal Home Loan Mortgage Corporation, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Deborah Jewett.

51. The Defendant, Deborah Jewett, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

52. The Defendant, Deborah Jewett, is indebted to Federal Home Loan Mortgage Corporation in the sum of One Hundred Thirty-Eight Thousand Three Hundred Two and 15/100 ($138,302.15) Dollars, for money lent by the Plaintiff, Federal Home Loan Mortgage Corporation, to the Defendant.

53. Defendant, Deborah Jewett's, breach is knowing, willful, and continuing.

54. Defendant, Deborah Jewett's, breach has caused Plaintiff, Federal Home Loan Mortgage Corporation, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. The total debt owed under the Note and Mortgage as of November 6, 2025, if no payments are made, is One Hundred Thirty-Eight Thousand Three Hundred Two and 15/100 ($138,302.15) Dollars.

56. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

57. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal Home Loan Mortgage Corporation, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, Federal Home Loan Mortgage Corporation, upon the expiration of the period of redemption;

d) Find that the Defendant, Deborah Jewett, is in breach of the Note by failing to make payment due as of November 1, 2024, and all subsequent payments;

e) Find that the Defendant, Deborah Jewett, is in breach of the Mortgage by failing to make payment due as of November 1, 2024, and all subsequent payments;

f) Find that the Defendant, Deborah Jewett, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Deborah Jewett, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due November 1, 2024, and all subsequent payments;

h) Find that the Plaintiff, Federal Home Loan Mortgage Corporation, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Deborah Jewett has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, Federal Home Loan Mortgage Corporation, to restitution;

k) Find that the Defendant, Deborah Jewett, is liable to the Plaintiff, Federal Home Loan Mortgage Corporation, for money had and received;

l) Find that the Defendant, Deborah Jewett, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Deborah Jewett, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal Home Loan Mortgage Corporation, is entitled to restitution for this benefit from the Defendant, Deborah Jewett;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Deborah Jewett, and in favor of the Plaintiff, Federal Home Loan Mortgage Corporation, in the amount of One Hundred Thirty-Eight Thousand Three Hundred Two and 15/100 ($138,302.15 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal Home Loan Mortgage Corporation,
By its attorneys,

Dated: November 11, 2025

/s/Reneau J. Longoria, Esq.

Reneau J. Longoria, Esq. Bar No. 005746

Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com